| | |
|---|---|
| **DISTRICT COURT OF THE VIRGIN ISLANDS** | |
| **DIVISION OF ST. CROIX** | |

ST. CROIX RENAISSANCE GROUP, LLLP,
BROWNFIELD RECOVERY CORP., and ENERGY
ANSWERS CORPORATION OF PUERTO RICO,                    2004-CV-0067

　　　　　　　　　　　**Plaintiffs,**

　　v.

ST. CROIX ALUMINA, LLC, and ALCOA WORLD
ALUMINA, LLC,

　　　　　　　　　　　**Defendants.**

_____

TO:　Joel H. Holt, Esq.
　　　Carl J. Hartmann, III, Esq.
　　　Simone R.D. Francis, Esq.

## ORDER

THIS MATTER came before the Court for hearing on September 15, 208, upon

Plaintiff's [sic] Motion to Compel Deposition of Kurt Gribben (Docket No. 102) and St.

Croix Alumina, L.L.C.[,] and Alcoa Alumina [sic], L.L.C.'s Motion For Protective Order

(Docket No. 108).

**Motion to Compel Deposition of Kurt Gribben**

Plaintiffs seek to depose Kurt Gribben, an Alcoa World Alumina, L.L.C., employee.

Defendants have refused to make Kurt Gribben available for deposition, based upon their

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
2004-CV-0067
Order
Page 2

claim that he is part of their "litigation team."   The Federal Rules of Civil Procedure

provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is

relevant to any party's claim or defense . . . ."   Fed. R. Civ. P. 26(b)(1).   It is true that the

information sought "need not be admissible at the trial if the discovery is reasonably

calculated to lead to the discovery of admissible evidence."   *Id*.

> [T]he requirement of relevancy should be construed liberally and with
> common sense, rather than in terms of narrow legalisms.   No one
> would suggest that discovery should be allowed of information that
> has no conceivable bearing on the case.   But it is not too strong to say
> that a request for discovery should be considered relevant if there is
> any possibility that the information sought may be relevant to the
> subject matter of the action.   If protection is needed, it can better be
> provided by the discretionary powers of the court under Rule 26(c)
> than by constricting the concept of relevance.

Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, 8 *Federal Practice and Procedure,*

*Civil 2d* § 2008 (1994) (footnotes omitted).

Plaintiffs have stated that the deposition would center around Kurt Gribben's

"expertise in the containing and closing other Red Mud Piles for Alcoa as well as his own

observations about the work being done at the defendant's site which Gribben inspected."

Memorandum in Support of Motion at 2.   The Court finds this testimony directly relevant

to both Plaintiffs' claims and Defendants' defenses in this matter.   Clearly, Kurt Gribben's

information, knowledge, and observations were obtained prior to and apart from his

inclusion on Defendants' "litigation team."  It goes without saying that Plaintiffs are capable of questioning Mr. Gribben regarding his expertise without evoking any "litigation strategy," and Defendants are equally capable of objecting to any questions that may cross over into such territory.  Consequently, the Court will grant Plaintiffs' motion to compel.

## Motion For Protective Order

Defendants "move the Court, pursuant to Fed. R. Civ. P. 26(c) for a protective order prohibiting Plaintiffs from examining Defendants' witness about certain subjects included in Plaintiffs' 30(b)(6) notice of deposition."  Motion at 1.  The motion concerns four (4) general areas of inquiry in dispute between the parties: 1.) Alcoa's practices at facilities other than the facility located in St. Croix, 2.) the human resource records of certain Alcoa/SCA employees, 3.) certain events that preceded St. Croix Alumina, L.L.C.' ownership of the property, and 4.) certain conversations of Eric Black with others.

Rule 26(c) of the Federal Rules of Civil Procedure grants courts the discretion, "for good cause shown," to issue orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c)(2). Such an order is appropriate only where there has been a showing of a particularized need for protection.  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994).

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
2004-CV-0067
Order
Page 4

Defendants object to the first area of inquiry, regarding Alcoa's practices at other facilities, on the basis of relevancy.  The Court finds, however that such inquiry is indeed relevant to the issues in this matter, where Plaintiffs allege breach of contract and fraud.  Moreover, Plaintiffs have proposed to narrow the scope of such inquiry to the extent that it cannot be considered oppressive or unduly burdensome.  Thus, the Court will allow the inquiry as narrowed by Plaintiffs' in its Memorandum in Opposition to said motion.

Plaintiffs seek the human resource records of Alcoa/St. Croix Alumina employees Black, Russell, Norton, Grace, Ritchey, and Palmer.  Defendants have refused to disclose these records on the basis of irrelevancy and confidentiality.  The Court agrees with Plaintiffs that the backgrounds of these employees are relevant.  That being said, however, in determining appropriate discovery to be allowed from the personnel files of other employees, the Court must weigh Plaintiff's right to relevant discovery against the privacy interest of such non-parties.  "We think the proper balance, between privacy interests of non-party third persons, [sic] and the discovery interests of a party litigant, is to assure that only those portions of the pertinent personnel files, which are clearly relevant to the parties' claims, are open to disclosure and, then, subject to an appropriate Confidentiality Order as the circumstances require."  *Onwuka v. Federal Express Corp.,* 178 F.R.D. 508, 517 (D.Minn. 1997). *See also Northern v. City of Philadelphia*, Civ. A. No. 98-6157, 2000 WL 355526

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
2004-CV-0067
Order
Page 5

*3 (E.D.Pa. April 4, 2000) (where the court states, "Although personnel files are discoverable, they contain confidential information and discovery of them should be limited" (citing *Miles v. Boeing Co.*, 154 F.R.D. 112, 115 (E.D.Pa. 1994)).  Plaintiffs have submitted that they would be amenable to entering into a confidentiality agreement to protect sensitive information.  The Court trusts that counsel can draft an appropriate agreement to be executed in advance of the deposition(s) at issue.

The third and fourth areas of inquiry in dispute primarily involve Eric Black's knowledge of certain events preceding St. Croix Alumina, L.L.C.'s ownership of the property and the content of his conversations with others concerning the "'bauxite storage area, seepage of caustic water, and all information and activities related to the St. Croix facility.'" Memorandum in Opposition at 18.

Under Rule 26(c), the party seeking protection must show "good cause."  "Good cause is established on a showing that [the discovery] will work a *clearly defined* and serious *injury* to the party seeking [protection]." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir.1984) (citing *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 891 (E.D. Pa. 1981) (emphasis added)).  Although the showing of an injury arguably is not an

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
2004-CV-0067
Order
Page 6

overly burdensome standard to meet,[1] the "injury must be shown with specificity."

*Publicker Indus., Inc.*, 733 F.2d at 1071 (citing *Zenith Radio Corp.*, 529 F. Supp. at 891). *See also*

*Gelb*, 813 F. Supp. at 1034 (where the court quotes the District Court of the District of

Columbia, "'[T]o establish good cause under Rule 26(c), courts have generally required a

"particular and specific demonstration of fact . . . ."'" (citations omitted)). The United States

Court of Appeals for the Third Circuit repeatedly has found that "[b]road allegations of

harm unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule

26(c) test." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) (quoted in

*Pansy*, 23 F.3d at 786). *See also Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 484 (3d Cir.

1995) (where the court found that the movants failed to "articulate any specific, cognizable

injury"). In the matter at bar, Defendants have not shown, with particularity, the serious

injury they will suffer if Plaintiffs are allowed to examine Defendants' (30)(b)(6) witness(es)

regarding these two areas of inquiry. Consequently, the Court finds that Defendants have

failed to meet their burden of demonstrating the need for protection.

　　　Accordingly, it is now hereby **ORDERED**:

---

[1] As the *Pearson* court observed, "The injury shown . . . need be no more than "embarrassment' . . . ." *Pearson v. Miller,* 211 F.3d 57, 73 (3d Cir. 2000).

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
2004-CV-0067
Order
Page 7

1.     Plaintiff's [sic] Motion to Compel Deposition of Kurt Gribben (Docket No.

102) is **GRANTED.**

2.     St. Croix Alumina, L.L.C.[,] and Alcoa Alumina [sic], L.L.C.'s Motion For

Protective Order (Docket No. 108) is **GRANTED IN PART AND DENIED**

**IN PART**.

3.     Plaintiffs may inquire concerning Alcoa's practices at other facilities, limited

to the following elements:

a.     disposal of alumina bauxite residue

b.     in other of its above grade open-air storage facilities

c.     where there exist such structures as are in contest here as berms,

retaining walls, and toe drains

d.     including subjects relating to those raised by Joe Norton's deposition

statements that "all levees seep."

4.     Defendants shall produce the human resource records of Alcoa/St. Croix

Alumina employees Black, Russell, Norton, Grace, Ritchey, and Palmer to

counsel for Plaintiffs, subject to the execution of a reasonable and appropriate

confidentiality agreement that protects the individuals' sensitive, private

information.

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
2004-CV-0067
Order
Page 8

     5.     Plaintiffs may inquire regarding certain events preceding St. Croix Alumina,

L.L.C.'s ownership of the property and Eric Black's conversations with others

concerning the bauxite storage area, seepage of caustic water, and all

information and activities related to the St. Croix facility.

ENTER:

Dated: September 17, 2008                     /s/

                                       GEORGE W. CANNON, JR.
                                       U.S. MAGISTRATE JUDGE