IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| ST. CROIX RENAISSANCE GROUP, LLLP, BROWNFIELD RECOVERY CORP. and ENERGY ANSWERS CORPORATION OF PUERTO RICO <br><br> Plaintiffs, <br><br> vs. <br><br> ST. CROIX ALUMINA, LLC and ALCOA WORLD ALUMINA, LLC, <br><br> Defendants. | CIVIL NO. 2004/67 <br><br> ACTION FOR BREACH OF CONTRACT, MISREPRESENTATION and NEGLIGENCE |

**ST. CROIX ALUMINA, L.L.C. AND ALCOA WORLD ALUMINA, L.L.C'S
ANSWER TO SECOND AMENDED COMPLAINT**

St. Croix Alumina, LLC ("SCA") and Alcoa World Alumina, LLC ("AWA"), through their attorneys, for their response to the Second Amended Complaint, state as follows:

1. Defendants state that paragraph 1 contains legal conclusions to which no response is required, but if a response is required, Defendants affirmatively state that the District Court of the Virgin Islands has jurisdiction pursuant to 28 U.S.C. § 1332, as this action involves citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

2. Defendants, on information and belief, admit the allegations of paragraph 2.

3. Defendants, on information and belief, admit the allegations of paragraph 3.

4. Defendants, on information and belief, admit the allegations of paragraph 4.

5. Defendants admit that SCA is a limited liability company registered in the state of Delaware. Defendants state that the remainder of paragraph 5 contains legal conclusions to which no response is required.

Case: 1:04-cv-00067-HB Document #: 148 Filed: 11/14/08 Page 2 of 14

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
Civil No. 2004-67
SCA and AWA Answer to Second Ameded Complaint
Page No. 2 of 14

6. Defendants admit that AWA is a limited liability company registered in the state of Delaware and was known at closing as Alcoa Alumina & Chemicals, L.L.C. Defendants state that the remainder of paragraph 6 contains legal conclusions to which no response is required.

7. Defendants admit that on or about December 31, 2001, Energy Answers Corporation of Puerto Rico ("EAC-PR") and Brownfield Recovery Corp. ("BRC") executed a letter and state that the letter speaks for itself. Except as so admitted, Defendants deny the allegations of paragraph 7.

8. Defendants admit that on or about March 22, 2002, BRC and EAC-PR entered into a contract with SCA, which was titled Purchase and Sale Agreement ("PSA"), and state that the PSA speaks for itself. Defendants further admit that BRC and EAC-PR formed the partnership St. Croix Renaissance Group, LLLP ("SCRG"), and assigned their rights in the PSA to SCRG and that SCA agreed to that assignment. Except as so admitted, Defendants deny the allegations of paragraph 8.

9. Defendants admit that the PSA addressed certain obligations and responsibilities of the parties, and state that the PSA speaks for itself. Except as so admitted, Defendants deny the allegations of paragraph 9.

10. Defendants deny the allegations of paragraph 10.

11. Defendants deny the allegations of paragraph 11.

12. Defendants state that paragraph 12 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 12.

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
Civil No. 2004-67
SCA and AWA Answer to Second Ameded Complaint
Page No. 3 of 14

13.     Insofar as paragraph 13 characterizes the contents of a letter dated April 17, 2002 from SCA to the Virgin Islands Department of Planning and Natural Resources, Defendants admit that such a letter was sent and state that the letter speaks for itself.  Except as so admitted, Defendants deny the allegations of paragraph 13.

14.     Defendants state that paragraph 14 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 14.

15.     Defendants deny the allegations of paragraph 15.

16.     Defendants admit that on or about June 11, 2002, SCA received a document from Natural Resource Consultants, Inc. ("NRCI") and state that the document speaks for itself. Except as so admitted, Defendants deny the allegations of paragraph 16.

17.     Insofar as paragraph 17 characterizes the contents of the NRCI document first mentioned in paragraph 16, Defendants state that the letter speaks for itself.  Except as so admitted, Defendants deny the allegations of paragraph 17.

18.     Defendants state that paragraph 18 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 18.

19.     Defendants state that paragraph 19, or at least that part of it of which Defendants can make sense, contains legal conclusions to which no response is required, but insofar as a response is required, Defendants admit that on or about June 13, 2002, SCA, BRC, and EAC-PR executed an amendment to the PSA and state that the Amendment speaks for itself.  Except as so admitted, Defendants deny the allegations of paragraph 19.

Case: 1:04-cv-00067-HB   Document #: 148   Filed: 11/14/08   Page 4 of 14

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
Civil No. 2004-67
SCA and AWA Answer to Second Ameded Complaint
Page No. 4 of 14

20. Defendants admit that a sale transaction was consummated on June 14, 2002, and state that the obligations of the parties as set forth in the agreements speak for themselves. Except as so admitted, Defendants deny the allegations of paragraph 20.

21. Defendants admit that SCA supplied a closing certificate to SCRG in connection with consummation of the sale transaction and states that the certificate speaks for itself. Except as so admitted, Defendants deny the allegations of paragraph 21.

22. Defendants admit that DPNR issued an Administrative Order to SCA on or about June 18, 2002, and state that the June 18 Administrative Order speaks for itself. Except as so admitted, Defendants deny the allegations of paragraph 22.

23. Defendants state that paragraph 23 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 23.

24. Defendants state that paragraph 24 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 24.

25. Defendants admit that SCA and DPNR executed a Consent Order on January 22, 2003, and state that the Consent Order speaks for itself. Except as so admitted, Defendants deny the allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

27. Defendants admit that DPNR issued an Administrative Order on April 29, 2003, which named SCRG as a respondent, and state that the April 29, 2003 Administrative Order speaks for itself. Insofar as paragraph 27 characterizes other letters and/or orders received by

Case: 1:04-cv-00067-HB   Document #: 148   Filed: 11/14/08   Page 5 of 14

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
Civil No. 2004-67
SCA and AWA Answer to Second Ameded Complaint
Page No. 5 of 14

SCA from DPNR, Defendants state that such other letters and/or orders speaks for themselves. Except as so admitted, Defendants deny the allegations of paragraph 27.

28. Defendants deny the allegations of paragraph 28.

29. Defendants state that paragraph 29 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 29.

## COUNT I

30. Defendants repeat and reallege the responses to paragraphs 1-29 as if fully set forth herein.

31. Defendants state that paragraph 31 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 31.

32. Defendants state that paragraph 32 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 32.

33. Defendants state that paragraph 33 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 33.

34. Defendants state that paragraph 34 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 34.

Case: 1:04-cv-00067-HB   Document #: 148   Filed: 11/14/08   Page 6 of 14

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
Civil No. 2004-67
SCA and AWA Answer to Second Ameded Complaint
Page No. 6 of 14

35. Defendants state that paragraph 35 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 35.

36. Insofar as paragraph 36 characterizes the contents of the PSA, Defendants state that the PSA speaks for itself. Except as so admitted, Defendants deny the allegations of paragraph 36.

37. Defendants state that paragraph 37, including its subparts, contains legal conclusions to which no response is required, but insofar as a response is required, insofar as paragraph 37, including its subparts, characterizes documents or transcripts of testimony, Defendants states that such documents or testimony speak for themselves. Except as so admitted, Defendants deny the allegations of paragraph 37, including its subparts.

38. Defendants state that paragraph 38 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 38.

39. Defendants state that paragraph 39 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 39.

40. Defendants state that paragraph 40 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 40.

Case: 1:04-cv-00067-HB   Document #: 148   Filed: 11/14/08   Page 7 of 14

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
Civil No. 2004-67
SCA and AWA Answer to Second Ameded Complaint
Page No. 7 of 14

41. Defendants state that paragraph 41 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 41.

42. Defendants state that paragraph 42 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 42.

43. Defendants state that paragraph 43 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 43.

44. Defendants state that paragraph 44 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 44.

## COUNT II

45. Defendants repeat and reallege the responses to paragraphs 1-44 as if fully set forth herein.

46. Defendants admit that the PSA addressed certain obligations and responsibilities of the parties, and state that the PSA speaks for itself. Except as so admitted, Defendants deny the allegations of paragraph 46.

47. Defendants state that paragraph 47 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 47.

Case: 1:04-cv-00067-HB   Document #: 148   Filed: 11/14/08   Page 8 of 14

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
Civil No. 2004-67
SCA and AWA Answer to Second Ameded Complaint
Page No. 8 of 14

48. Insofar as paragraph 48 characterizes the contents of the PSA, Defendants state that the PSA speaks for itself. Except as so admitted, Defendants deny the allegations of paragraph 48.

49. Insofar as paragraph 49 characterizes the contents of the PSA, Defendants state that the PSA speaks for itself. Except as so admitted, Defendants deny the allegations of paragraph 49.

50. Insofar as paragraph 50 characterizes the contents of the PSA, Defendants state that the PSA speaks for itself. Except as so admitted, Defendants deny the allegations of paragraph 50.

51. Defendants state that paragraph 51 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52.

53. Defendants state that paragraph 53 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 53.

54. Defendants state that paragraph 54 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 54.

55. Defendants state that paragraph 55 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 55.

Case: 1:04-cv-00067-HB   Document #: 148   Filed: 11/14/08   Page 9 of 14

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
Civil No. 2004-67
SCA and AWA Answer to Second Ameded Complaint
Page No. 9 of 14

## COUNT III

56. Defendants repeat and reallege the responses to paragraphs 1-55 as if fully set forth herein.

57. Defendants state that paragraph 57 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 57.

58. Defendants state that paragraph 58 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 58.

## COUNT IV

59. Defendants repeat and reallege the responses to paragraphs 1-58 as if fully set forth herein.

60. Defendants deny the allegations of paragraph 60.

61. Defendants state that paragraph 61 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 61.

62. Defendants state that paragraph 62 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 62.

63. Defendants state that paragraph 63 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 63.

Case: 1:04-cv-00067-HB   Document #: 148   Filed: 11/14/08   Page 10 of 14

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
Civil No. 2004-67
SCA and AWA Answer to Second Ameded Complaint
Page No. 10 of 14

64. Defendants state that paragraph 64 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 64.

65. Insofar as paragraph 65 characterizes the findings made by DPNR in its orders and/or judgments, Defendants state that those orders and/or judgments speaks for themselves. Except as so admitted, Defendants deny the allegations of paragraph 65.

66. Defendants deny the allegations of paragraph 66.

67. Insofar as paragraph 67 incorporates by reference other allegations made in the Complaint, Defendants incorporate by reference their responses to such allegations. Defendants state that paragraph 67 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 67.

68. Defendants state that paragraph 68 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 68.

## COUNT V

69. Defendants repeat and reallege the responses to paragraphs 1-68 as if fully set forth herein.

70. Defendants state that paragraph 70 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 70.

Case: 1:04-cv-00067-HB   Document #: 148   Filed: 11/14/08   Page 11 of 14

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
Civil No. 2004-67
SCA and AWA Answer to Second Ameded Complaint
Page No. 11 of 14

71. Defendants state that paragraph 71 contains legal conclusions to which no response is required, but insofar as a response is required, Defendants deny the allegations of paragraph 71.

72. The complaint fails to state a claim on which relief can be granted.

73. Plaintiffs' claims are barred by the applicable statute of limitations.

74. Plaintiffs' claims are barred by the doctrine of laches.

75. Plaintiffs' claims are barred by the equitable doctrine of unclean hands.

76. Plaintiffs' claims are barred by the equitable and/or legal doctrines of ratification.

77. Plaintiffs' losses, if any, were caused by their own fault and negligence, and/or culpable conduct, wholly or partially, including but not limited to their actions of performing work on the property in violation of the instruction of DPNR, and their failure to undertake certain activities for which they acknowledged responsibility, and plaintiffs' contributory fault, negligence, and/or conduct constitutes an absolute bar to recovery.

Alternatively, any damages to which the plaintiffs may become entitled should be diminished in the same proportion as the plaintiffs' own negligence and/or culpable conduct bears to the total negligent and/or culpable conduct responsible for the damages sustained, pursuant to the provisions of 5 V.I.C. § 1451 *et seq*.

78. Plaintiffs' claims are barred by the equitable and/or legal doctrines of estoppel and waiver.

79. Plaintiffs' damages, if any, were sustained while knowing full well the alleged condition of the property, which plaintiffs thoroughly inspected or had an opportunity to inspect thoroughly at all time relevant hereto.

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
Civil No. 2004-67
SCA and AWA Answer to Second Ameded Complaint
Page No. 12 of 14

80. Plaintiffs have failed to satisfy the requirements of Rule 9(b) with respect to the allegations of fraud, which allegations therefore fail to state a claim for which relief can be granted and must be dismissed.

81. Plaintiffs' claim for punitive damages must be dismissed because any award of punitive damages would be unconstitutional under the circumstances of this case.

82. Plaintiffs' claims are barred or capped by the terms of the PSA, as amended, and/or by the doctrines of release, accord and satisfaction.

83. Defendants specifically retain the right to amend this answer to assert additional defenses based on additional investigation or evidence adduced during discovery or a trial of these proceedings.

WHEREFORE Defendants request that this Court dismiss Plaintiffs' complaint, with prejudice, and grant such other and further relief as this Court deems just and appropriate, including but not limited to an award of costs and attorneys' fees incurred in connection with this matter.

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
Civil No. 2004-67
SCA and AWA Answer to Second Ameded Complaint
Page No. 13 of 14

                                                              Respectfully submitted,

November 14, 2008                        **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, LLC**

                                          By:    /s/ Simone R. D. Francis
Simone R.D. Francis
The Tunick Building
1336 Beltjen Road, Suite 201
St. Thomas, Virgin Islands 00802
Telephone: (340) 714-1235
Facsimile: (340) 714-1245

Cassandra C. Collins
William H. Wright, Jr.
Hunton & William LLP
Riverfront Plaza-East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

Attorneys for Defendants

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
Civil No. 2004-67
SCA and AWA Answer to Second Ameded Complaint
Page No. 14 of 14

CERTIFICATE OF SERVICE

I hereby certify that on the 14th of November, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Joel H. Holt, Esq.
Law Offices of Joel H. Holt
2132 Company Street, Suite 2
Christiansted, St. Croix VI  00820
Carl Hartmann III, Esq.
St. Croix, Virgin Islands

Paul Ruskin, Esq.
St. Croix, Virgin Islands

Carl Hartmann III, Esq.
St. Croix, Virgin Islands

Kim Japinga, Esq.
St. Croix, Virgin Islands

/s/ Simone R. D. Francis

6809799.1 (OGLETREE)

68892.000044 EMF_US 26473432v1