<table>
<tr><td colspan="2"><strong>DISTRICT COURT OF THE VIRGIN ISLANDS</strong><br><br><strong>DIVISION OF ST. CROIX</strong></td></tr>
</table>

| | |
|---|---|
| **ST. CROIX RENAISSANCE GROUP, LLLP, BROWNFIELD RECOVERY CORP., and ENERGY ANSWERS CORPORATION OF PUERTO RICO,**<br><br>      **Plaintiffs,**<br>  **v.**<br><br>**ST. CROIX ALUMINA, LLC, and ALCOA WORLD ALUMINA, LLC,**<br><br>      **Defendants.** | **2004-CV-0067** |

TO: **Joel H. Holt, Esq.**
   **Carl J. Hartmann, III, Esq.**
   **Simone R.D. Francis, Esq.**

## ORDER REGARDING PLAINTIFFS' MOTION COMPEL

THIS MATTER came before the Court upon Plaintiffs' Motion to Compel (Docket

No. 127).  A hearing was held on the said motion on January 23, 2009.  Carl J. Hartmann,

III, Esq., represented Plaintiffs, and Simone R.D. Francis, Esq., appeared on behalf of

Defendants.

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
2004-CV-0067
Order Regarding Plaintiffs' Motion to Compel
Page 2

Having reviewed the written submissions of the parties and heard arguments of counsel, the Court makes the following findings regarding the specific discovery requests at issue:[1]

**Statement respecting damages:** Plaintiffs are entitled to a statement from Defendant Alcoa World Alumina, L.L.C., regarding damages.

**Description of sensitive material:** Plaintiffs are entitled to a description of sensitive documents to the extent that is has not already been provided. In addition, Defendants shall produce the documents, as listed on the "index of documents that were boxed for retention" and specifically identified as a.) the "*St. Croix/Vialco indemnity claim (6-01)*"; b.) the "SCA Environmental Manual"; and, c.) the two unredacted versions of the "environmental audits" listed (one ending in 2002, the other ending in 1994).

**VIALCO indemnification demand (made by Alcoa in 2001):** Plaintiffs are entitled to all documents as requested, subject to a confidentiality agreement between the parties.

**Privileged documents:** Plaintiffs are not entitled to the blanket review by the Court of all documents listed on Defendants' privilege log. Plaintiff are entitled to the Court's review

---

[1] At hearing, Plaintiffs made clear that the issues listed and numbered in their motion as 2, 3, and 5 have been resolved between the parties. Thus, this order addresses the remaining items only.

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
2004-CV-0067
Order Regarding Plaintiffs' Motion to Compel
Page 3

only of challenged documents as specifically identified by Plaintiffs with Plaintiffs' basis

for challenging the claim of privilege for each document.

**Garver document withheld as privileged:** Again, Plaintiffs must identify the specific

documents at issue and the basis for their challenge to Defendants' claim of privilege for

each document.

**Dr. Eric Black's field notes and photos**: Plaintiffs are entitled to information regarding Dr.

Black's field notes as well as the production of such notes.

**Environmental audits and documents related thereto:** Plaintiffs are entitled to all

information and documents as requested, subject to a confidentiality agreement between

the parties.

**Documents related to "Bauxite Team":** Plaintiffs are entitled to all information and

documents as requested, subject to a confidentiality agreement between the parties.

WHEREFORE, it is now hereby **ORDERED**:

1.     Plaintiffs' Motion to Compel (Docket No. 127) is **GRANTED IN PART AND
DENIED IN PART**.

2.     Defendants shall first provide Plaintiffs a "yes" or "no" answer to the
following:

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
2004-CV-0067
Order Regarding Plaintiffs' Motion to Compel
Page 4

      a.      In this proceeding, does Alcoa seek any order, finding, judgment, or other relief to the effect of establishing or which might be used as *law of the case*, *res judicata,* or otherwise to establish indemnification for claims pending in another action in which Alcoa is being sued for violations of environmental law by the government of the United States Virgin Islands?

If the answer to this is "yes," Defendant shall provide:

      b.      identification of any such litigation, and

      c.      to the extent any certain damages or other relief have been ordered, a detailed description thereof.

3.      Defendants shall provide, to the extent they have not already done so, a description of the "sensitive documents."   In addition, Defendants shall produce the documents, as listed on the "index of documents that were boxed for retention" and specifically identified as, a.) the "*St. Croix/Vialco indemnity claim (6-01)*"; b.) the "SCA Environmental Manual"; and, c.) the two unredacted versions of the "environmental audits" listed (one ending in 2002, the other ending in 1994).

*St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*
2004-CV-0067
Order Regarding Plaintiffs' Motion to Compel
Page 5

4.      Defendants shall produce, subject to a confidentiality agreement between the

parties:

a.      any and all documents or other items pertaining to claims of

indemnification made to prior owners of the St. Croix site and

b.      any and all documents or other items pertaining to the

commissioning, research, writing, or nonproduction of the 2001

Arthur D. Little report referenced in the Purchase and Sales

Agreement.

5.      Defendants shall provide the following response to Plaintiffs:

a.      state whether and to what extent copies or originals of Dr. Eric Black's

field notebooks ever were provided to Plaintiffs or produced at

deposition by any party,

b.      state whether Defendants or, to Defendants' knowledge, Garver had

or now have copies or originals of Dr. Eric Balck's field notebooks,

c.      state what Defendants know of Garver's possession of copies or

originals of Dr. Eric Black's field notebooks at any time.

In addition, Defendants shall produce any and all copies or originals of Dr.

Eric Black's field notebooks to Plaintiffs.

6.    Defendants shall describe in detail and produce any documents, subject to a confidentiality agreement between the parties, related to any environmental studies, audits, analyses, considerations, reviews (whether draft or final) relating to bauxite residue or seeps of high-pH water during the period of ownership (1995-2002).

7.    Defendants shall describe in detail and produce any documents, subject to a confidentiality agreement between the parties, related to the formal or informal existence of and makeup of any "bauxite team" and any activities that it or its members undertook during the period of ownership (1995-2002).

8.    Defendants shall comply with the terms of this order on or before **February 13, 2009**.

ENTER:

Dated: January 26, 2009                          /s/ George W. Cannon, Jr.
                                                 GEORGE W. CANNON, JR.
                                                 U.S. MAGISTRATE JUDGE