IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| ST. CROIX RENAISSANCE GROUP, LLLP, et al. | : : : | CIVIL ACTION |
| v. | : : | |
| ST. CROIX ALUMINA, LLC, et al. | : | NO. 04-0067 |

MEMORANDUM

Bartle, C.J.                                                July 17, 2009

Plaintiffs St. Croix Renaissance Group, LLLP ("SCRG"), Brownfield Recovery Corporation, and Energy Answers Corporation have sued defendants St. Croix Alumina, LLC ("SCA") and Alcoa World Alumina, LLC for fraud, breach of contract, and negligence arising out of plaintiffs' March, 2002 purchase of an alumina refinery on St. Croix from defendants. Now before the court is the motion of plaintiff SCRG to compel full production of certain documents listed on the privilege logs of defendants and Garver Engineering ("Garver"), a non-party.

Defendants first retained Garver with respect to the alumina property in 2001 to perform engineering services related to disposal of alumina refinery's industrial byproducts. In April, 2002, however, shortly after the aforementioned purchase of the property, the parties discovered a release of industrial byproduct from the refinery property into the Caribbean Sea. The Virgin Islands Department of Planning and Natural Resources ("DPNR") quickly issued an administrative order requiring certain

actions by defendants.  To comply with this order and subsequent related consent orders and permit applications, defendants again enlisted the engineering services of Garver.  The relationship entailed frequent and detailed communication between Garver and defendants' own employees.  Counsel for defendants routinely participated in and directed these discussions, primarily to ensure that the remedial steps being taken were in compliance with the applicable law and regulatory pronouncements but also to prepare for the possibility of what is now the instant litigation.

Defendants contend that the withheld documents, all of which relate to the above-described situation, are protected by the attorney-client privilege and work product doctrine.  Defendants have now produced the documents for the court's in camera review.

Virgin Islands law governs both the substance of this action and the application of any privileges.  <u>Montgomery County v. Microvote Corp.</u>, 175 F.3d 296, 301 (3d Cir. 1999).  The attorney-client privilege is defined by statute as follows:

> (1) General Rule. ...
>
> [C]ommunications found by the judge to have been between lawyer and his client in the course of that relationship and in professional confidence, are privileged ....
>
> (3) Definitions.  As used in this section,
>
> (a) 'client' means a person or corporation or other association that, directly or through an authorized representative, consults a lawyer or the lawyer's representative for the

> purpose of retaining the lawyer or securing
> legal service or advice from him in his
> professional capacity; ...
>
> (b) 'communication' includes advice given by
> the lawyer in the course of representing the
> client and includes disclosures of the client
> to a representative, associate or employee of
> the lawyer incidental to the professional
> relationship ....

5 V.I. Code § 854. The applicable formulation of the work product doctrine is that embodied by Rule 26(b)(3) of the Federal Rules of Civil Procedure, which generally precludes discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A); Dade Eng'g Corp. v. Reese, Civ. A. No. 05-149, 2006 WL 1222221, at *5 (D.V.I. Apr. 13, 2006).

The first question we must address is whether Garver constitutes an "authorized representative" of defendants as that term is used in § 854(3)(a). The parties agree that Garver is an independent contractor hired by defendants as a long-standing provider of engineering and consulting services regarding the alumina facility on St. Croix. Counsel for defendants have submitted affidavits attesting that Garver's "technical expertise and understanding of the engineering, environmental, and geophysical aspects of the conditions at the St. Croix facility" were "important to the development of [defendants'] legal strategy ...." On this basis and in light of the substance of

the actual communications between Garver and defendants' counsel, we conclude that Garver was plainly an "authorized representative" of defendants for purposes of the attorney-client privilege under Virgin Islands law.

SCRG also questions whether the communications at issue were made "in professional confidence." Most of the contested documents are emails containing explicit declarations of confidentiality below the substantive messages. Likewise, the purchase order governing the relationship between Garver and defendants contained a confidentiality provision. SCRG offers no evidence that Garver disclosed any of the communications to a third party. We conclude that the communications at issue were sufficiently confidential to permit invocation of the attorney-client privilege.

A final consideration is whether the communications at issue were made for the purpose of securing an opinion of law, or, with respect to the work product doctrine, whether they were made "in anticipation of litigation." We find that the challenged communications were made for the purpose of enabling defendants' counsel to render opinions in their professional capacity. Such opinions were necessary to ensure compliance with the DPNR's mandates and to prepare for the instant litigation.

We find plaintiff's remaining arguments to be without merit. Consequently, we will deny the motion of plaintiffs to compel production of certain documents listed on the privilege logs of defendants and non-party Garver Engineering.