IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

ST. CROIX RENAISSANCE GROUP, : CIVIL ACTION
LLLP, et al. :
        v. :
          :
ST. CROIX ALUMINA, LLC, et al. : NO. 04-067

MEMORANDUM

Bartle, C.J.                                                    January 11, 2010

        Plaintiffs St. Croix Renaissance Group, LLLP, Brownfield Recovery Corporation, and Energy Answers Corporation of Puerto Rico have sued defendants St. Croix Alumina, LLC and Alcoa World Alumina, LLC for breach of contract, fraud, and negligence in connection with plaintiffs' purchase of an industrial property in St. Croix. On December 23, 2009, we granted in part and denied in part the motion of defendants for summary judgment. Plaintiffs now seek partial reconsideration of that order. They argue that this court should vacate its entry of judgment for defendants on plaintiffs' claim for breach of warranty regarding elevated-pH groundwater in the Alucroix Channel.

        The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A party seeking reconsideration must demonstrate at least one of the following grounds: (1) an

intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

The Purchase and Sale Agreement ("PSA") into which the parties entered contained three warranties. These warranties required the defendants to disclose all "hazardous materials on the Property," of which they have knowledge; all "written notice[s] of any pending violation or alleged violation ... of Environmental Law"; and any "such violations outstanding ... of the Environmental Law", of which they have knowledge. In opposing defendants' motion for summary judgment, plaintiffs argued that defendants breached the second warranty, which required them to disclose all written notices of any pending or alleged violations of environmental law. Specifically, plaintiffs maintain that defendants failed to disclose a June 11, 2002 notice from the Virgin Islands Department of Planning and Natural Resources ("DPNR") about alleged elevated-pH groundwater in the Alucroix Channel.

In our December 23, 2009 Memorandum, we explained that we were entering judgment in favor of defendants on this breach of warranty claim because plaintiffs had not come forward with any evidence to support their contention. Under Rule 56 of the Federal Rules of Civil Procedure, the party opposing a motion for

summary judgment must come forward with sufficient evidence to create a genuine issue of material fact on issues on which it will bear the burden of proof at trial. See Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). First, plaintiffs produced no copy of the alleged June 11, 2002 notice of violation sent by DPNR to defendants. What plaintiffs referenced in their opposing brief was only the title page of a <u>draft</u> report by Natural Resources Consulting, Inc. ("NRCI"), a DPNR consultant, which resulted after an inspection on May 28 and 30, 2002 and which purportedly documented violations that formed the basis of the June 11, 2002 notice. The exhibit which plaintiffs cite contained nothing of substance.

Plaintiffs do not contest that they failed to produce a copy of the June 11, 2002 notice. In addition, plaintiffs do not point to any evidence (as opposed to a bare contention) that they did not receive the June 11, 2002 notice.

In our Memorandum, we relied, in part, on plaintiffs' failure to produce a copy of the draft report made by NRCI, which documented NRCI's inspection of the elevated-pH groundwater seeping into the Alucroix Channel. In their argument, as noted above, plaintiffs cited only to an exhibit which contained one piece of email correspondence and the title page of the draft report. In this pending motion, plaintiffs ask us to reconsider our decision in light of the fact that the record does contain a full copy of the text of the NRCI draft report, which they

referenced only in their initial factual background about the case and in their statement of undisputed facts.

In their memorandum supporting this motion, plaintiffs rightfully apologize for sloppy draftsmanship in their opposition to the defendants' summary judgment motion. The only citation in the section of their argument devoted to this breach of warranty was to the incomplete exhibit. Not surprisingly, the court relied on this citation, which was contained within the extremely voluminous evidentiary record.

Having now reviewed the full text of the NRCI draft report, we find that the plaintiffs still cannot prevail on this claim because the draft report does not constitute a "written notice of an alleged violation." It is merely a draft written by a government consultant, and thus subject to change. It is not a notice of alleged violations as contemplated by the PSA. In any event, it is undisputed that the defendants disclosed the violation itself, when they notified the plaintiffs before the closing on the property of the contents of the report that the elevated-pH groundwater was seeping into the Alucroix Channel.

Finally, it must be emphasized that plaintiffs have still not produced any June 11, 2002 notice of a pending violation.

Accordingly, we will deny the motion of plaintiffs for reconsideration.