IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| ST. CROIX RENAISSANCE GROUP, LLLP, et al. | : : : | CIVIL ACTION |
| v. | : : | |
| ST. CROIX ALUMINA, LLC, et al. | : | NO. 04-067 |

MEMORANDUM

Bartle, C.J.                                                   January 29, 2010

       Plaintiffs St. Croix Renaissance Group, LLLP, Brownfield Recovery Corporation, and Energy Answers Corporation of Puerto Rico have sued defendants St. Croix Alumina, LLC and Alcoa World Alumina, LLC for breach of contract, fraud, and negligence in connection with plaintiffs' purchase of an industrial property in St. Croix. On December 23, 2009, we granted in part and denied in part the motion of defendants for summary judgment. Defendants now seek partial reconsideration of that order. They argue that this court erred in applying Delaware law to the plaintiffs' fraud count. It is their position that the law of the Virgin Islands governs and that the court should enter judgment against plaintiffs on that count.

       The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A party seeking reconsideration must demonstrate at least one of the following grounds: (1) an

intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

In our December 23, 2009 Memorandum, we explained that "[w]hile the location of the Property is an important factor, the close relationship of the alleged fraud to the contract sways us in favor of Delaware as the jurisdiction with the most significant relationship to the occurrence." We noted that the parties had selected Delaware law for the construction of their contract and that the fraud alleged by plaintiffs was intimately connected with that transaction. Furthermore, St. Croix Alumina, the seller of the property, and St. Croix Renaissance Group, the purchaser, were both incorporated in Delaware.[1] Significantly, the events surrounding the formation of the contract and its execution as well as the alleged fraud

---

1. Brownfield Energy Recovery Corporation and Energy Answers Corporation of Puerto Rico are the parent corporations of St. Croix Renaissance Group, which was incorporated solely for the purpose of purchasing the property in issue. Brownfield Recovery Corporation and Energy Answers Corporation of Puerto Rico were the original signatories to the contract with St. Croix Alumina, but assigned their rights to St. Croix Renaissance Group on March 22, 2002, the same day that the contract was executed. Brownfield Recovery Corporation and Energy Answers Corporation of Puerto Rico remained guarantors of the contract. St. Croix Renaissance Group was the signatory to the June 13, 2002 amendment to the contract and was the party to whom the property was deeded by St. Croix Alumina at closing on June 14, 2002.

did not occur in the Virgin Islands or in any one particular forum.

Defendants assert that the court incorrectly applied the factors enumerated in the Restatement (Second) of Conflicts of Law § 148(2)[2] by over-emphasizing the importance of the place of incorporation of St. Croix Renaissance Group and by failing to put sufficient emphasis on the place where the parties do their business and on the location of the property in the Virgin Islands.[3] Finally, defendants contend that the court incorrectly

---

2. Section 148(2) includes a list of non-exclusive factors to consider when determining which state has the most significant relationship to the occurrence and the parties. They are:

> (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations,
> (b) the place where the plaintiff received the representations,
> (c) the place where the defendant made the representations,
> (d) the domicile, residence, nationality, place of incorporation and place of business of the parties,
> (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and
> (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

Restatement (Second) of Conflicts § 148(2).

3. Defendants have also argued that the court should have considered the place of incorporation and the place of business of the other plaintiffs, Brownfield Recovery Corporation and Energy Answers Corporation of Puerto Rico. This argument is without merit. The contract clearly states that St. Croix Renaissance Group became the sole party to the contract on March 22, 2002, when it assumed all contractual rights and obligations. As noted above, Brownfield Recovery Corporation and
(continued...)

focused on the contract's choice of law clause as relevant to the determination of the law applicable to plaintiff's fraud claim.

Defendants rely on <u>Coram Healthcare Corp. v. Aetna U.S. Healthcare Inc.</u>, 94 F. Supp. 2d 589 (E.D. Pa. 1999). That decision is inapposite. In <u>Coram</u>, as here, there were breach of contract and fraud in the inducement counts. In that case, the court determined that the contract's Delaware choice of law provision did not control what law governed plaintiff's fraudulent inducement claim. After analyzing the choice of law rules of Pennsylvania, the forum state, the court applied Pennsylvania law to that count. Besides the choice of law provision in the contract, the only other factor pointing to Delaware was the fact that it was the state of incorporation of the plaintiff. The contacts with Pennsylvania in <u>Coram</u> were "more numerous and substantial." <u>Id</u>. at 594. The negotiations which gave rise to the alleged fraud and the "center of the parties' relationship took place in Pennsylvania." <u>Id</u>. In the present action, the seller and purchaser of the property were both incorporated in Delaware. In addition, as noted above, the alleged fraud did not take place in the Virgin Islands or in any particular forum. Under the circumstances, we found determinative for the fraud claim the application of Delaware law

---

3.(...continued)
Energy Answers Corporation of Puerto Rico are mere guarantors and their places of incorporation and places of business have no relevance to the choice of law in the claim for fraud.

for the construction of the contract due to the close relationship between the contract claim and the fraud claim.

Defendants argue that St. Croix Alumina and St. Croix Renaissance Group were both doing business in the Virgin Islands. However, at the time of the sale of the property, St. Croix Alumina was no longer operating the alumina refinery on the site, and there is no evidence that St. Croix Renaissance Group had started doing business there before the sale took place.

In defendants' reply brief in support of its motion for summary judgment, defendants stated that "[t]he contacts with the Virgin Islands are legion." The defendants continue to advocate this position. This bald statement was without any support in the record then before us. As the United States Supreme Court has explained, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citations omitted). Needless to say, unsupported statements of fact by counsel carry no weight in deciding a motion for summary judgment. Id. Defendants' efforts to bolster their position by now attempting to supplement the record with evidence previously available to them comes too late.

We are not persuaded that a clear error of law has occurred.  Accordingly, we will deny the motion of defendants for reconsideration.