```
           IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. CROIX

ST. CROIX RENAISSANCE GROUP,      :    CIVIL ACTION
LLLP, et al.                      :
                                  :
          v.                      :
                                  :
ST. CROIX ALUMINA, LLC, et al.    :    NO. 04-67
```

MEMORANDUM

Bartle, C.J.                                          November 18, 2010

       Plaintiffs St. Croix Renaissance Group, LLLP, Brownfield Recovery Corporation, and Energy Answers Corporation of Puerto Rico have sued defendants St. Croix Alumina, LLC and Alcoa World Alumina, LLC in connection with plaintiffs' purchase of an industrial property in St. Croix. On December 23, 2009, we granted in part and denied in part the motion of defendants for summary judgment. Presently, there remain claims for breach of contract for failure to disclose multiple red mud discharge events and failure to alert plaintiffs to hazardous materials on the property. In addition, claims for fraud in the inducement for failing to disclose various environmental violations related to red mud releases are pending. Plaintiffs seek compensatory and punitive damages.

       Now before the court is defendants' Daubert motion seeking to exclude the expert testimony of Alan Bronstein. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993); see also Fed. R. Evid. 702. The facts of this case are well known to

the parties and set out in detail in our December 23, 2009 Memorandum and Order.  Plaintiffs seek to have Bronstein testify as to the wealth of Alcoa, Inc., parent corporation to defendants St. Croix Alumina and Alcoa World Alumina, for the purposes of establishing defendants' ability to pay punitive damages.  Alcoa, Inc. is not a party to this action.

> Rule 702 of the Federal Rules of Evidence provides:
>
> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

As our Court of Appeals has repeatedly noted, Rule 702 embodies three requirements:  qualification, reliability, and fit.  Pineda v. Ford Motor Co., 520 F.3d 237, 244 (3d Cir. 2008). Defendants challenge the testimony of Bronstein on the ground that it does not fit this case.  To fit, such evidence must bear some relation to the "particular disputed factual issues in the case."  United States v. Downing, 753 F.2d 1224, 1237 (3d Cir. 1985).  Accordingly, this factor has been described as one of relevance.  Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 591 (1993); Paoli, 35 F.3d at 745 & n.13.

Defendants contend that Bronstein's testimony should be excluded as irrelevant because it will relate to the valuation of

Alcoa, Inc., a non-party.  The defendants here are St. Croix Alumina LLC and Alcoa World Alumina, LLC, which are subsidiaries of Alcoa, Inc.  Bronstein will opine on the wealth, and therefore ability of Alcoa, Inc. to pay punitive damages. Defendants contend that, while the financial condition of a defendant is germane to the issue of punitive damages, the wealth of a defendant's parent corporation or other corporate affiliate is not.

 Our Court of Appeals has held that, "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation ... is not liable for the acts of its subsidiaries."  U.S. v. Bestfoods, 524 U.S. 51, 61 (1998).  Specifically, the wealth of a parent corporation is irrelevant to the jury's assessment of the appropriateness of punitive damages.  See Herman v. Hess Oil, 379 F. Supp. 1268, 1276 (D.V.I. 1974), aff'd 524 F.2d 767, 772 (3d Cir. 1975).

 Plaintiffs maintain that a parent company's financial condition may be relevant to a defendant's ability to pay punitive damages in certain cases, most notably when the court elects to pierce the corporate veil.  While it is true that parent corporations can be held liable for the acts of their subsidiaries under certain circumstances, the parent corporation must at least be a party to the action.  In fact, in each case plaintiffs cite in opposition to the pending motion, the parent corporation was a defendant.  Here, Alcoa, Inc. is not a party and, as such, cannot be held liable in this lawsuit for the acts

or omissions of defendants St. Croix Alumina LLC and Alcoa World Alumina.

The jury may not consider the wealth of Alcoa, Inc., a non-party, in assessing the defendants' ability to pay punitive damages. As such, Bronstein's testimony regarding the financial condition of Alcoa, Inc. does not bear any relation to the particular disputed factual issues in the case and does not fit. Accordingly, we will exclude the testimony of Alan Bronstein.